**FEDERAL SAVINGS & LOAN INSURANCE CORPORATION, as Receiver for Sun Belt Federal Bank, F.S.B., Plaintiff-Appellee,**

v.

**LAFAYETTE INVESTMENT PROPERTIES, INC., et al., Defendants,**

**T. Kenneth Watkins, Defendant–Appellant.**

No. 88–3132

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 30, 1988.

Rehearing Denied Oct. 4, 1988.

---

1. Having decided this case the way we do, we make it clear that we do not approve the reasoning of the district court.

Merrill T. Landwehr, New Orleans, La., for defendant-appellant.

Bruce V. Schewe, George Denegre, Jr., Marie Breaux Stroud, Edward J. Gay, III, New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

The Federal Savings & Loan Insurance Corporation ("FSLIC"), as receiver for Sun Belt Bank, obtained summary judgment against Kenneth Watkins for the balance due on a $600,000 promissory note. Watkins contends that Sun Belt fraudulently induced him to sign the note by representing to him that his endorsement would be released when the document evidencing the security for the loan was "completed." We affirm the district court's grant of summary judgment to FSLIC and hold that under the *D'Oench, Duhme* doctrine, Watkins is estopped from asserting fraud against the FSLIC.

I

On September 21, 1984, Kenneth Watkins endorsed and guaranteed a promissory note made by Lafayette Investment Properties, Inc., payable to the order of Sun Belt Bank for $600,000. A number of properties were collaterally mortgaged as security for the note. No payments on the $600,000 were ever made.

On May 1, 1986, the Federal Home Loan Bank Board declared Sun Belt insolvent, and appointed FSLIC receiver. FSLIC assumed the assets of the bank and brought this cause of action against Watkins for the loan default. The district court granted FSLIC summary judgment in the amount of $600,000 principal, $84,250 accrued interest, and attorneys' fees in the amount of $15,486.25.

II

A.

On appeal, Watkins argues that he presented evidence that officers of Sun Belt Bank represented to him that his liability would terminate when certain loan documents were completed and delivered to the bank. No written statement evidencing such an agreement was ever made. Watkins contends, however, that this alleged misrepresentation is a valid defense to FSLIC's collection on the note that should at least forestall summary judgment.

The relevant law is not on Watkins' side. The Supreme Court long ago established the rule that oral side agreements cannot serve as a defense to recovery by the FDIC. *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 681–82, 86 L.Ed. 956 (1942). This rule was adopted in order to protect the FDIC "against misrepresentation as to the securities or other assets in the portfolios of the banks which [it] insures or to which it makes loans." *D'Oench, Duhme,* 62 S.Ct. at 679. This rule has also been codified at 12 U.S.C. § 1823(e), which states in part:

No agreement which tends to diminish or defeat the right, title or interest of the Corporation [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

The common law doctrine of *D'Oench, Duhme* has been applied not only to the FDIC but also to the FSLIC. *See, e.g., Taylor Trust v. Security Trust Federal Savings & Loan Ass'n,* 844 F.2d 337, 342 (6th Cir.1988); *FSLIC v. Doyle,* No. 87–3979 (E.D.La. June 6, 1988) (LEXIS, 1988 U.S. Dist. Lexis 5448) [available on WESTLAW, 1988 WL 59852]; *FSLIC v. Mariner's Plaza, Inc.,* No. 87–1997 (E.D.La. Apr. 6, 1988) [available on WESTLAW, 1988 WL 32940]. Watkins does not contest this point but contends that the representations made by the bank officials did not constitute an "agreement" barred under *D'Oench, Duhme.* Recent Supreme Court precedent, however, clearly indicates that such oral representations are not cognizable defenses, but are indeed "agreements" under the *D'Oench, Duhme* doctrine. *Langley v. FDIC,* —— U.S. ——, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987).[1]

In *Langley,* the defendant asserted that bank officers had made false representations concerning property which induced the notemaker to sign the promissory note.

*Id.* 108 S.Ct. at 400. The Court found that such representations, if made, constituted an oral side agreement under the *D'Oench, Duhme* doctrine and section 1823(e). *Id.* 108 S.Ct. at 402. The notemaker was therefore barred from raising the defense of fraud. The oral representation, or agreement, that Watkins asserts in this case falls squarely within the *D'Oench, Duhme* doctrine as further defined in *Langley,* and it is not a defense to the FSLIC claim.[2]

### B.

Watkins presents the additional argument that irrespective of the *D'Oench, Duhme* doctrine, the FSLIC cannot recover against him because Sun Belt Bank impaired the collateral securing the note. Watkins contends that certain accounts receivable were provided as security for the note and Sun Belt failed to take any action to recover the accounts receivable. This argument fails for one primary reason: there is no evidence in the record that accounts receivable were provided as security for the note Watkins signed. Accordingly, we dismiss this contention.

### C.

Finally, Watkins objects to the district court's award of attorneys' fees and contends that he did not have an opportunity to oppose. Our review of the record, however, shows that the trial court gave Watkins an opportunity to submit a posthearing brief in opposition to the attorneys' fees award. Watkins failed to take advantage of this opportunity and therefore has waived this right on appeal.

### III

We thus conclude "that there is no genuine issue as to any material fact and that the moving party [FSLIC] is entitled to a

---

1. Although *Langley* dealt with an interpretation of the word "agreement" under section 1823(e), it is also relevant under federal common law. *See Langley v. FDIC,* —— U.S. ——, 108 S.Ct. 396, 401, 98 L.Ed.2d 340 (1987).

2. Watkins also asserts that the FSLIC is not a holder in due course. We hold that the *D'Oench, Duhme* doctrine is applicable and therefore the FSLIC status as a holder in due course is immaterial. *See, e.g., Federal Savings & Loan Ins. Corp. v. Hsi,* 657 F.Supp. 1333, 1337 (E.D.La.1986).

judgment as a matter of law." Fed.R.Civ. Proc. 56(c). The judgment of the district court is

AFFIRMED.